IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew David Arnold, | ) |
| | ) C/A No. 0:17-1126-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Robbie Hines, Jennifer Nave, | ) |
| | ) |
| Defendants. | ) |
| | ) |

At the time of the underlying events, Plaintiff Matthew David Arnold was a pretrial detainee housed at the Union County Detention Center (UCDC) in Union, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 on April 28, 2017, alleging that Defendants Robbie Hines and Jennifer Nave violated his rights under the Fourteenth Amendment. Hines is administrator of the UCDC and Naves a detention center nurse. Plaintiff amended his complaint on October 2, 2017. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on February 23, 2017, he was sitting on a table at the UCDC and a leg broke, causing him to fall on the floor and injure his back. Plaintiff contends that as a result he has pinched nerves and severe, constant pain in his left lower back. ECF No. 51-1, 6. Plaintiff also states that he fell and hit his head on a boat.[1] Plaintiff alleges that he has a scar over his left eye and

---

[1] A "boat" which is a temporary sleep surface shaped like a canoe. See, e.g., https://www.charm-tex.com/furnishings/beds-bunks/stack-a-bunk-11619.html (accessed August 23, 2018).

was "jumped due to this injury[.]" Id. at 7.  Plaintiff contends that his vision is failing in his left eye and that he suffers from headaches, but that he would need to pay $150.00 to see an optometrist outside of the facility.  ECF Nos. 1,7; 51, 2.  Plaintiff also contends that he is housed in an area with black mold, spiders, and ants, which has resulted in his chest hurting and respiratory issues.  Thus, Plaintiff alleges that he was denied adequate medical care, that Defendants failed to protect him, and that he has been detained in unconstitutional conditions of confinement

This matter is before the court on motion for summary judgment filed by Defendants on November 9, 2017.  By order filed November 13, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately.  Plaintiff filed a response in opposition on February 9, 2018.  On June 6, 2018, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion for summary judgment be granted.  Plaintiff filed objections to the Report and Recommendation on June 18, 2018, to which Defendants filed a reply on July 2, 2018.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.

DISCUSSION

A.  Denial of Medical Care

The Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care. Hill v. Nicodemus, 979 F.2d 987, 990-91 (4th Cir. 1992). Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." Bell v. Wolfish, 441 U.S. 520, 545 (1979). A prison official violates a detainee's Fourteenth Amendment rights when the official is deliberately indifferent to the detainee's serious medical needs. Hill, 979 F.2d at 991. "An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)(quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Similarly, "[d]isagreements between an inmate and a physician over the inmate's proper medical care does not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970)). The court may consider "'[m]edical records of sick calls, examinations, diagnoses, and medications [to] rebut an inmate's allegations of deliberate indifference.'" Barnett v. Page, 1:15CV1064, 2018 WL 1633593, *4 (M.D.N.C. April 2, 2018) (quoting Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995)).

The Magistrate Judge noted the medical records maintained by UCDC provide that on February 24, 2017, the day after Plaintiff was injured, he presented with complaints of pain in his back. Plaintiff was prescribed Ibuprofen for six days. ECF No. 59-2, 42. On February 27, 2017, Plaintiff was brought to the medical department because his medication was found in his cell in plastic wrap. Plaintiff demanded to be taken to the hospital for an MRI. He refused to be assessed

and left the premises. Id. On March 7, 2017, Plaintiff was transported to the Union Medical Center for an x-ray. The x-ray revealed mild disc degeneration. Plaintiff was prescribed a muscle relaxer and continued to be treated with pain medications. Id. at 41.

In his objections, Plaintiff reiterates the allegations of his complaint and states that "[i]f the jury was to see the grievances and see the videotapes of my allegations they would agree with me that the defendants acted with deliberate indifference towards me by not giving me the medical treatment I needed given me back pain for the rest of my life." ECF No. 76, 3. The medical records demonstrate, however, that Plaintiff was examined and treated by medical personnel at UCDC. Plaintiff's objections are without merit.

B.    Failure to Protect

The Fourth Circuit has noted that "[a]s a practical matter, . . . [the court] do[es] not distinguish between the Eighth and Fourteenth Amendments in the context of a pretrial detainee's § 1983 claim." Ervin v. Mangum, 127 F.3d 1099, at *4 (4th Cir. 1997) (citing cases). The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. Brown v. N.C. Dep't of Corrs., 612 F.3d 720, 722-23 (4th Cir. 1994) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). A prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions, as well as demonstrate that the prison official had a "sufficiently culpable state of mind." Odom v. S.C. Dep't of Corrs., 349 F3d 765, 770 (4th Cir. 2003)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In other words, "'the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.'" Id. (quoting Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002)).

4

The Magistrate Judge cited an incident report provided by Defendants showing that Corporal Coone, Sgt. Alexander, and PFC Eaves, and not Defendants, were the officers on duty when Plaintiff and another inmate got into the altercation that resulted in Plaintiff's eye injury. ECF No. 59-2, 4. Section 1983 requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs. Hill v. Moyer, Civil Action No. PWG-17-1994, 2018 WL 3608771, *5 (D. Md. July 27, 2018) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 (1978); West v. Atkins, 815 F.2d 993, 996 (4th Cir. 1987), rev'd on other grounds, 487 U.S. 42 (1988) (no allegation of personal involvement relevant to the claimed deprivation); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (in order for an individual defendant to be held liable pursuant to § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights")). Moreover, an individual cannot be held liable under § 1983 under a theory of respondeat superior. Id. (citing Monell, 436 U.S. at 690; Love–Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983)). Supervisory liability may attach under § 1983 if (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the defendant's inaction and the alleged constitutional injury. Id. at *5-6 (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, there is no evidence to support a finding that Defendants were present during the altercation or that supervisory liability should attach. Further, Plaintiff asserts he "never said the guards on duty didn't help me that morning. I stated that my VISION in my left eye had otherwise

5

went blurred in my left eye. Pain meds keep pain away not give your vision back once its lost." ECF No. 76, 4.

Turning to the question of whether Plaintiff received adequate medical care after this incident, UCDC's medical records show that Plaintiff was transported to Union Medical Center to receive sutures for the cut above his eye the same day the incident occurred. Id. at 14. Plaintiff was treated with pain medication for complaints of blurred vision and headaches. Id. at 38.

Plaintiff asserts that, as a consequence of Defendants' deliberate indifference, he has nearly lost sight in his left eye. Plaintiff states, "Once again pull the video and watch and you'll see what I am saying and I think a jury would agree." ECF No. 76, 4. Plaintiff's general and conclusory objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. Plaintiff's objections are without merit.

C.  Unconstitutional Conditions of Confinement

Plaintiff must satisfy two prongs to prevail. First, the conditions, either alone or in combination, must constitute a serious deprivation of a basic human need. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). To determine whether a deprivation is sufficiently serious so as to satisfy this prong, the court evaluates the conditions in light of contemporary standards of decency, keeping in mind that the Constitution does not mandate comfortable prisons and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of a § 1983 claim. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Wilson, 501 U.S. at 298). Second, a plaintiff must show that the defendants have exhibited "deliberate indifference" to the serious condition or to a substantial risk of harm to him. Id.

The Magistrate Judge found that Plaintiff failed to plausibly allege the presence of spiders

and ants in his cell comprised an injury or deprivation that was "sufficiently serious" to implicate his right to due process. Regarding mold, the Magistrate Judge found no admissible evidence to support a finding that Plaintiff faced a substantial risk of serious harm from mold while he was detained at UCDC. Defendants presented an affidavit from Melinda Haney, assistant administrator of UCDC, who attests that the cells are cleaned every Monday, Wednesday, and Friday with Clorox and/or disinfectants. ECF No. 59-2, ¶ 5. Plaintiff again references video tapes and body cameras to show support for his allegations. Plaintiff states he has no means to refute Ms. Haney's affidavit.

Assuming that Plaintiff was exposed to black mold, Plaintiff cannot show deliberate indifference. As the Magistrate Judge observed, Plaintiff's medical records from UCDC disclose that Plaintiff was seen for shortness of breath; however, he stated that he had a history of breathing problems. Plaintiff was prescribed an inhaler as a consequence. Plaintiff's objections are without merit.

## CONCLUSION

The court concludes that there is no evidence to support a constitutional violation. For the reasons stated herein and in the Report and Recommendation, Defendants' motion for summary judgment (ECF No. 59) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 5, 2018